# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JARED ALLMAN, | ) |
| Plaintiffs, | ) Case No. _____ |
| v. | ) |
| SEVEN LAMPS, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Jared Allman ("Plaintiff"), by and through counsel, files this Complaint against Defendant Seven Lamps, LLC ("Defendant" or "Seven Lamps") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Allman is an adult resident of DeKalb County, Georgia.

2. Defendant Seven Lamps, LLC is a Georgia corporation with its principal office listed with the Georgia Secretary of State as 3400 Around Lenox Dr, Atlanta, GA, 30326.

1

3. Defendant's registered agent listed with the Georgia Secretary of State is Drew Preston Van Leuvan, 3400 Around Lenox Dr, Suite 217, Atlanta, GA, 30326.

4. Upon information and belief, Mr. Van Leuvan is no longer associate with Defendant. Defendant may still be served through Defendant's general manager or other person authorized to accept service.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Defendant transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

7. The relevant period for this lawsuit is approximately June 2020 through the present.

8. Plaintiff was employed by Defendant during the relevant period.

9. At all relevant times, Plaintiff was an "employee" of Defendant and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

10. At all relevant times, Defendant was the "employer" of Plaintiff.

11. At all relevant times, Defendant had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12. At all relevant times, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

13. Defendant owns and operates Seven Lamps restaurant located at 3400 Around Lenox Dr, Suite 217, Atlanta, GA, 30326 (the "Restaurant"). The Restaurant had annual gross volume of sales made or business done of not less than $500,000.00 during all relevant time periods.

14. Plaintiff was hired by and began employment with Defendant in approximately December 2012.

15. Plaintiff worked at the Restaurant as a server.

16. Plaintiff is still currently employed by Defendant at the Restaurant.

17. At all relevant times, Plaintiff was a non-exempt, tipped employee of Defendant and was paid a tip-credit wage of $2.13 per hour for each hour worked as a server.

18. Plaintiff was denied earned wages by Defendant while working at the Restaurant.

**Dual Jobs Violations**

19.  Federal law permits Defendant to pay employees such as Plaintiff less than the minimum wage so long as they are working a tipped occupation, and able to earn tips.

20.  As a server at the Restaurant, Plaintiff's duties included, but were not limited to, taking customer's orders, answering questions about the menu and food, taking payment, communicating orders with the kitchen staff, seating customers, and helping with customer service.

29.  Plaintiff also was required to perform extensive duties unrelated to customer service that were substantial and amounted to a separate, non-server occupation. These duties were not contemporaneous with customer service server duties, but instead were performed both before and after customer service shifts and for extensive periods of time. Such non-server, pre-shift and post-shift duties included, but were not limited to: extensive cleaning throughout the restaurant and in areas unrelated to server stations, brewing beverages, polishing and stocking glassware, cleaning under tables and booths, sweeping/vacuuming floors, cleaning and restocking the drink stations, cleaning and restocking the server stations, cleaning the patio area including the floors, collecting and taking out trash, stocking wine, stocking and maintaining candles and other decorations, and other non-server

duties unrelated to customer service. While performing these duties, Plaintiff was not able to earn tips.

30. There was a clear dividing line between Plaintiff's server duties and Plaintiff's non-server duties, particularly because extensive non-server duties were required before and after the restaurant was open, and before and after Plaintiff's customers were being served.

31. Plaintiff's non-server duties extended to the entire restaurant rather than areas where he served customers.

32. These non-server duties consumed a substantial portion of Plaintiff's workday, were more than "part of the time" that Plaintiff worked, were for times longer than a few minutes and longer than *de minimis* time periods, and were for more than 20% of Plaintiff's workdays.

33. At all relevant times, Plaintiff was required to arrive at the restaurant 45 to 75 minutes prior to the Restaurant opening to perform non-server and other non-tip producing tasks.

34. The duties Plaintiff performed for the 45 to 75 minute periods before Restaurant opening were non-server duties and were performed at easily demarcated times when Plaintiff did not and could not earn tips. These non-server duties usually continued beyond the restaurant opening because Plaintiff would often not be assigned a customer until 30 to 60 minutes after the Restaurant had opened.

35. Plaintiff often was required to perform non-server duties and non-tip producing side work for extended periods of time at the beginning of a shift while waiting to be assigned a customer.

36. Plaintiff was often required to remain at the Restaurant for substantial time periods after the Restaurant had closed and all customers had left.

37. When working a closing shift, Plaintiff was often required to remain at the Restaurant 60 to 90 minutes after the Restaurant had closed to perform cleaning and other non-tip producing tasks throughout the Restaurant.

38. Plaintiff was often required to perform non-server work after his last assigned table had closed out, but before the Restaurant closed.

39. For a substantial portion of Plaintiff's hours performing non-server duties and non-tip producing side work, Plaintiff was paid a wage less than minimum wage.

40. Defendant denied Plaintiff minimum wage compensation for these discrete and easy-to-identify periods where Plaintiff was performing non-tip related tasks and no customers were in the building.

41. Defendant violated the FLSA by willfully refusing to pay Plaintiff proper minimum wage compensation for these non-server duties amounting to a separate occupation.

42. Defendant maintained records of hours that Plaintiff worked.

43. Even if the non-server duties Defendant required Plaintiff to perform were related to his tipped occupation, Defendant violated the FLSA by its policy and practice of requiring Plaintiff to perform such work for a substantial amount of the time worked during the workweek, and during discrete periods before and after their shifts when Plaintiff could not earn any tips because he was not contemporaneously serving customers.

44. Plaintiff was required to perform tasks that were unrelated to and not incidental to their tip-producing occupation without being paid a minimum wage.

45. Defendant's policy and practice of requiring Plaintiff to perform excessive and/or unrelated non-server duties while paying sub-minimum, tip-credit wages violate the FLSA.

**Unpaid Cleaning Hours**

46. For a two-week period in June 2020, Plaintiff worked approximately 40 hours per week (80 hours total) at the Restaurant.

47. During this two-week period, Defendant required Plaintiff to perform maintenance, carpentry, and other deep cleaning tasks in order to prepare the Restaurant for reopening during the COVID-19 pandemic.

48. Plaintiff was not compensated for any of his time during this two-week period.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS- MINIMUM WAGE

49. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

50. At all relevant times, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 215(a).

51. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

52. At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were unrelated to and non-incidental to a tip producing occupation.

53. At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were not server related tasks and were not directed towards producing tips that were performed before Restaurant opening and/or before Plaintiff was assigned customers.

54. At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were not server related tasks and were not directed towards producing tips that were performed after Restaurant closing and/or after Plaintiff was serving customers.

55. At all relevant times, Defendant improperly calculated and improperly paid overtime for its tipped employees, including Plaintiff.

56. During a two-week period in June 2020, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for 80 hours of work performed by Plaintiff and for the benefit of Defendant.

57. As a result of Defendant's willful failure to pay Plaintiff the appropriate minimum wage, Defendant violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

58. Defendant's conduct of failing to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid minimum wage; unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and request that this Court grant the following relief against Defendant:

A. An award of unpaid compensation for wages, including minimum wages, to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable

attorneys' and expert fees to Plaintiff; and

D.  Such other and further relief as this Court deems just and proper.

Respectfully submitted this January 28, 2021,

                                              **HALL & LAMPROS, LLP**

                                              */s/ Gordon Van Remmen*
                                              Gordon Van Remmen
                                              Ga Bar No. 215512
                                              Brittany A. Barto
                                              Ga Bar No. 501673

HALL & LAMPROS, LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for the Plaintiffs*

Plaintiff's counsel certify that this complaint is in 14-point Times New Roman font.